UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: CV 06-6173-JSL (MAN)            Date: February 11, 2013

Title:    James W. Shannon v. G.J. Giurbino
========================================================================
DOCKET ENTRY: ORDER TO SHOW CAUSE
========================================================================
PRESENT:

                Hon. Margaret A. Nagle, United States Magistrate Judge

                Earlene Carson                N/A
                Deputy Clerk                  Court Reporter/Tape No.

   ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENTS:

     N/A                                            N/A

**PROCEEDINGS (In Chambers):**

Petitioner has been represented by counsel in this case since November 2008. After the Court issued its Report and Recommendation addressing the merits of Petitioner's habeas claims on October 3, 2012 ("Report"), Petitioner's counsel requested, and was granted, an extension of time -- until December 31, 2012 -- to file and serve Petitioner's Objections to the Report.

Thereafter, on December 17, 2012, Petitioner filed a document in which he: asserted that he has been abandoned by his counsel; requested a four-month extension of the deadline for filing his Objections to the Report; and appended a G-01 Substitution of Attorney form signed by Petitioner but not by his counsel, as well as an October 31, 2012 letter to Petitioner from his counsel.[1] In an Order filed on December 20, 2012, the Court advised Petitioner that Petitioner cannot be formally substituted in place of his counsel of record, because counsel has not signed the Substitution of Counsel form as required. The Court observed, however, that based on counsel's October 31, 2012 letter, it appears counsel anticipates that Petitioner may hereafter be representing himself in this case on a *pro se* basis. The Court granted Petitioner permission to file and serve Objections to the Report on a *pro se* basis, and extended the deadline for Objections to March 15, 2013. The Court further directed Petitioner's counsel to promptly

---

      [1]        In the letter, counsel: indicated his belief that the scope of the representation for which he was retained does not include preparing and filing Objections to the Report; asked whether Petitioner wished to retain counsel for further proceedings; and sent Petitioner an unsigned substitution of attorney form for use in the event that Petitioner declined to retain counsel further and intended to prepare and filed his Objections on his own behalf.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 06-6173-JSL (MAN)                                        Date: February 11, 2013

send Petitioner copies of the filings in this case, if counsel had not already done so.

The Court now is in receipt of a Request submitted by Petitioner and received on February 4, 2013, which the Court directs the Clerk to file.  In the Request, Petitioner complains that:  counsel has not sent him documents filed in this case; and although Petitioner wrote to counsel and asked him to send the trial record to a third party for Petitioner's use, counsel has not done so.  Petitioner asks that the deadline for the Objections to the Report be extended. Although Petitioner served the Request on Respondent's counsel, Petitioner inexplicably failed to serve it on his own counsel.

The progress of this action has been delayed unduly by the apparent breakdown of the attorney-client relationship between Petitioner and his counsel.  Petitioner alleges that his counsel has failed to send to Petitioner (or the designated third party) copies of the relevant documents from this case and the state record.  Petitioner's counsel is **ORDERED TO SHOW CAUSE** why he failed to send filings to Petitioner as directed by the Court's December 20, 2012 Order.  Specifically, on **February 22, 2013, at 9:30 a.m.**, Petitioner's counsel shall appear before this Court and advise the Court whether Petitioner's allegation regarding counsel's failure to send documents to Petitioner is true and, if so, explain counsel's failure to provide these documents to Petitioner.  Alternatively, if Petitioner's counsel has sent the filings and the state record to Petitioner (or the designated third party), counsel may avoid the scheduled February 22 appearance by filing -- on or before the scheduled appearance date and time -- a declaration establishing that the documents from this case and state record were sent to Petitioner as well as the date(s) on which they were mailed or otherwise delivered to Petitioner.

> **Petitioner's counsel is cautioned that the failure to comply with this Order to Show Cause may subject counsel to sanctions.**

In addition to electronically serving this Order on Petitioner's counsel and Respondent's counsel, the Clerk is directed to send a copy of this Order to Petitioner at his current address.

**IT IS SO ORDERED.**