UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES - GENERAL</u>

Case No.: CV 06-6173-JSL (MAN)                    Date: May 22, 2013

Title:   <u>James W. Shannon v. G.J. Giurbino</u>
=====================================================================================
<u>DOCKET ENTRY</u>: ORDER TO SHOW CAUSE
=====================================================================================
<u>PRESENT</u>:

                    Hon. <u>Margaret A. Nagle</u>, United States Magistrate Judge

                    <u>Earlene Carson</u>                    <u>N/A</u>
                    Deputy Clerk                    Court Reporter/Tape No.

         ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENTS:

              <u>N/A</u>                              <u>N/A</u>


**PROCEEDINGS (In Chambers):**

The Court issued its Report and Recommendation in this action on October 3, 2012 ("Report").  Since that time, this case has been stalled unduly by Petitioner's failure to file Objections to the Report and repeated requests for extensions of time and the apparent necessity of Court intervention into an attorney-client dispute.  In particular, the Court has received numerous documents from Petitioner complaining about his counsel of record -- Joseph Young -- and about Mr. Young's alleged failure to cooperate with Petitioner's efforts to obtain files and records related to Petitioner's state criminal case.  The Court has repeatedly extended Petitioner's time to file his Objections to the Report, which presently are due by June 7, 2013.  To date, the Court has attempted to resist Petitioner's efforts to draw the Court into his dispute with Mr. Young, and the Court has repeatedly directed Petitioner to use the means available to him to obtain the attorney files Petitioner claims to need to prepare his Objections.

The Court is in receipt of Petitioner's latest complaint, which the Clerk's Office received on May 16, 2013, and which the Court directs be filed ("May 16 Document").  In it, Petitioner alleges (albeit not under oath) that his mother and another woman made arrangements with Mr. Young to pick up the case files on April 22, 2013, but the files were not made available on that date, and subsequent calls by one of the women have not been returned by Mr. Young.

If the allegations of the May 16 Document are true, they are most troubling.  In a letter to Petitioner that was previously filed in this action [Docket No. 67], Mr. Young represented that he would provide the requested files to Petitioner if Petitioner arranged to pick them up.  Petitioner apparently made such an arrangement, but Mr. Young nonetheless failed to do what he promised to do.  The failure of Petitioner and Mr. Young to resolve their apparent dispute(s) and cause the case files to be provided to Petitioner in a timely manner is impeding the Court's ability to manage this case and, moreover, is consuming scarce Court resources to deal with what should be a private matter

MINUTES FORM 11                                        Initials of Deputy Clerk _efc____
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES--GENERAL</u>

Case No.  CV 06-6173-JSL (MAN)                          Date: May 22, 2013

between an attorney and his client.

Accordingly, Mr. Young, **who is still counsel of record for Petitioner in this case**, is **ORDERED TO SHOW CAUSE** on **May 31, 2013, at 11:00 a.m.**, in Courtroom 580 why the files requested by Petitioner have not been made available for pick up, as promised, by Petitioner's designee.  Mr. Young shall appear before this Court at that time and place and deliver to the Court the case files that Petitioner has requested.  Alternatively, Mr. Young may satisfy his obligations under this Order by delivering such files to the Court by no later than the 11:00 a.m. deadline on May 31, 2013.  Once the Court receives such files, Petitioner's mother may contact the Court Clerk and make arrangements to pick them up.

Mr. Young's failure to produce the case files to Petitioner as promised is perplexing.  Moreover, the Court notes Mr. Young's failure to comply with a prior Order to Show Cause issued in this case on February 11, 2013 [Docket No. 65].  Any such further noncompliance will be considered to be contemptuous and a basis for the imposition of sanctions.  Specifically:

> **Mr. Young is cautioned that the failure to comply with this Order to Show Cause will be considered to be contempt of Court and may result in an order of sanctions and a referral to the State Bar of California.**

The Clerk is directed to send a copy of this Order to Petitioner at his address listed on the May 16 Document.  In addition, the Clerk is directed to e-mail a copy of this Order and the May 16 Response on Mr. Young at both his docket address of record and at the following e-mail addresses:  josephyoung@jyaal.com;  and lawfirm@josephyoungattorneyatlaw.com.[1]  The Clerk also is directed to send a copy of this Order and the May 16 Response to Mr. Young by certified mail, return receipt requested, at his docket address of record.

**IT IS SO ORDERED.**

---

[1]        According to an internal docket entry (No. 72), the first address may be the current e-mail address for Mr. Young, and the second address is listed on what appears to be the law firm website of Mr. Young's practice (http://josephyoungattorneyatlaw.com).  In addition, the Court notes that the docket address of record for Mr. Young appears to match that listed for Mr. Young with the State Bar of California and on the foregoing law firm website, and thus, the Court assumes that such address is correct for mailing purposes.